# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOANNE MELLON, | |
| Plaintiff, | |
| v. | Case No. 17-CV-750-JPS |
| AURORA MEDICAL CENTER, | **ORDER** |
| Defendant. | |

Plaintiff Joanne (Danbrova) Mellon, who is incarcerated at Taycheedah Correctional Institution, proceeds in this matter *pro se*. She filed a complaint alleging that Defendant violated her federal rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $11.55. *See* 28 U.S.C. § 1915(b)(1).

The court must screen complaints brought by persons seeking to proceed *in forma pauperis*. *Id.* § 1915(e)(2)(B). The court must dismiss a complaint or portion thereof if the person has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)-(iii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for Plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that she went to Defendant Aurora Medical Center's ("Aurora") emergency department on April 13, 2016 complaining of a foot injury. (Docket #1 at 2). She filed this action because she was dissatisfied with the care she was provided. *Id.* at 2-5. Plaintiff seeks monetary damages for "pain and suffering due to loss of leisure of normal activities, disruption in employment and mental anguish[.]" *Id.* at 4.

Plaintiff's complaint suffers from numerous defects, but one is glaring and dispositive: the lack of a state actor. Plaintiff was not in custody on April 13, 2016. Plaintiff's complaint demonstrates as much; she took herself to the emergency department and says her injury occurred at home. *Id.* at 2. Further, publicly available records of the Wisconsin Department of Corrections confirm that she was released on supervision from a prior prison term on July 22, 2010, and was not incarcerated (upon revocation of her supervised release) until October 26, 2016. *See* Wisconsin Department of Corrections Offender Search, Offender Detail page for Joanne Mellon,

available at: http://offender.doc.state.wi.us/lop/detail.do (last accessed 8/24/17); *State of Wisconsin v. Joanne G. Mellon*, 2009-CF-31, Manitowoc County Circuit Court, Court Record Events (Entry of October 26, 2016 indicating that Plaintiff's supervised release was revoked); *State of Wisconsin v. Joanne G. Danbrova*, 2017-CF-87, Manitowoc County Circuit Court, Court Record Events (new felony charge against Plaintiff filed on February 22, 2017, for her 8th OWI committed on September 15, 2016), both cases available at: https://wcca.wicourts.gov.

Aurora itself is, of course, a private hospital. Thus, Plaintiff has not connected the alleged violation of her rights with any person acting under the color of state law. *See Buchanan-Moore*, 570 F.3d at 827. Although Plaintiff states that her complaint is made pursuant to federal law, (Docket #1 at 4), the only relevant law would be constitutional. Without a state actor, her claims cannot implicate constitutional protections. At best, Plaintiff may have claims for medical malpractice, but those are state law claims over which this federal court has no jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff's complaint must, therefore, be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge